UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **GEORGE E. HUSTON,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 3:11 CV 372 |
| | ) |
| **SUPERINTENDENT,** | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

George E. Huston, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging his 2008 conviction for criminal deviate conduct in St. Joseph County. (DE # 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

In 2008, Huston pled guilty to one count of criminal deviate conduct and was sentenced to 18 years in prison.[1] *Huston v. Indiana*, No. 71A04–0805–PC277, 2008 WL 4149754, at *2 (Ind. Ct. App. Sept. 10, 2008). He appealed, arguing that the trial court improperly enhanced his sentence based on prior uncharged conduct in violation of

---

[1] The Indiana Court of Appeals summarized the facts underlying Huston's offense as follows: "[I]n June 2007, Huston's sixty-eight-year-old wife took too much medication and became mentally incapacitated. While she was mentally incapacitated, Huston placed his mouth and tongue on her anus. According to the probable cause affidavit, Huston's stated justification for this act was that it was an attempt to revive his non-responsive wife, whom he believed to be either dead or dying. . . . [E]ven though Huston believed that his wife was either dead or dying, he was indifferent to everything but the opportunity to do 'things' to his wife that she had specifically told him in the past not to do." *Huston v. Indiana*, No. 71A04–0805–PC277, 2008 WL 4149754, at *1-2 (Ind. Ct. App. Sept. 10, 2008).

*Blakely v. Washington,* 542 U.S. 296 (2004), and erred under state law in enhancing his sentence based on the nature of the offense. *Huston*, 2008 WL 4149754, at *2. The Indiana Court of Appeals affirmed. *Id* at *1. Huston sought transfer to the Indiana Supreme Court, but his petition was denied. (DE # 1 at 1.) Thereafter, Huston filed a petition for post-conviction relief in St. Joseph Superior Court. (*Id.*) His petition was denied in March 2011, and he did not pursue an appeal. (*Id.* at 3-4.) He then filed this federal petition raising three claims: ineffective assistance of trial counsel; insufficient evidence to support his conviction; and error by the trial court in failing to adequately consider his age and criminal record in imposing a sentence. (*Id.*)

Huston's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, the court is permitted to grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A);

2

*Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on a recognition that the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, the petitioner must fairly present his federal claim in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. *Boerckel*, 526 U.S. at 848.

The companion procedural default doctrine precludes a federal court from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991). In essence, when a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise the claim has passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

Here, Huston acknowledges that he did not present any of his claims to the Indiana Supreme Court. (*See* DE # 1 at 3-4.) Under Indiana law, Huston had 30 days to pursue an appeal after the trial court denied his post-conviction petition. *See* IND. APP. R. 9(A)(1). He did not do so, and the time for doing so has passed. Accordingly, his

claims are procedurally defaulted.[2] *Boerckel*, 526 U.S. at 853-54. Although directed to explain why his claims were not presented to the Indiana Supreme Court, Huston does not provide any grounds for excusing his procedural default. (*See* DE # 1 at 3-4.) Therefore, the court cannot reach Huston's claims on the merits.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). As is fully explained above, Huston's claims are procedurally defaulted. Nothing before the court suggests that jurists of reason could debate the correctness of

---

[2] Because claims two and three are based on the trial record, Indiana law required them to be raised on direct appeal. *See* IND. POST.-CONVICT. R. 1(b); *Williams v. State*, 808 N.E.2d 652, 659 (Ind. 2004). Huston's failure to raise these claims on direct appeal would constitute a second procedural default barring review on the merits. *See Coleman*, 501 U.S. at 735. Although Huston raised a claim based on the appropriateness of his sentence on direct appeal, this claim was based on state law. *See Huston*, 2008 WL 4149754, at *2-3. To fairly present a claim to the state courts, the petitioner must alert the courts to the federal nature of the claim. *Baldwin*, 541 U.S. at 33. To the extent Huston is attempting to reassert a state law challenge to his sentence, such a claim would not be cognizable in this proceeding. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (errors of state law are not cognizable in a federal habeas proceeding).

this ruling or find a reason to encourage Huston to proceed further. Accordingly, the court declines to issue a certificate of appealability.

For the reasons set forth above, the court **DENIES** the petition (DE # 1) and **DENIES** the petitioner a certificate of appealability.

**SO ORDERED**.

Date: October 3, 2011

s/James T. Moody          _
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT